Pearson, J.
 

 We concur with his Honor, that the defendant was guilty of negligence ; but we differ from him, in respect to the question of damages. As the plaintiff had put the defendant
 
 in the wrong,
 
 he was liable for such damages as had been sustained thereby ; which,
 
 prima
 
 facie, was the amount of the debt that was lost, and it was for the defendant to mitigate the damages, bj proving that the effect of his wrongful act was not so great,, because the debtor, who hau been suffered to leave the State, liad not the ability to pay the debt, and his arrest would not have enabled the plaintiff to realize the amount, or any part thereof; or, if apart only could have been thereby realized, then, to limit his liability to that amount. In
 
 Sherrill
 
 v.
 
 Shuford,
 
 10 Ired. Rep. 200, it is said “the true inquiry is, has the defendant by his negligence deprived the plaintiff of any legal means of securing the payment of his debt?” In our case, the debtor had money and effects in the State of California; an arrest would have been a legal means of forcing- him to assign that fund for the benefit of the creditor, and the principle is not affected by the circumstance that California is at so great a distance. The principle is the same as if the fund had been in an adjoining State, or in our own State. The distance affected only the degree of facility with which the fund could be made available, and not the principle upon which the creditor’s light depended.
 

 Put as the defendant was put in the wrong, the plaintiff was entitled to assume higher ground. The debtor, it appears from the evidence, had brothers and other near relations in the county of Iredell. If his arrest would have induced them to become bail, that would have been a legal means of secur
 
 *382
 
 ing the payment of the debí, and the negligence of the defendant has deprived the plaintiff of an opportunity to try it.
 

 Upon the question, whether the loss shall fall on the plaintiff, who has been vigilant, or on the defendant, who has neglected his duty, it is not a sufficient answer to say the contingency of securing the debt in that manner was too remote. The plaintiff “quickened the diligence” of the defendant, and ought not to have been deprived of the chance of thereby securing his debt. At all events, upon the question of damages he had a right to have it submitted to the consideration of the jury, with instructions that if they were satisfied, from all the circumstances, that the debtor, if arrested, would have given bail, or if imprisoned, would have assigned his money or effects in California, or otherwise secured the debt, or some part of it, they ought to assess corresponding damages.
 

 There is error.
 
 Venire de novo.
 

 PeR CujbiaM. Judgment reversed.